UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

                :

PARAMOUNT PICTURES
CORPORATION,

        Plaintiff,

   v.

ANTHONY PUZO, AS EXECUTOR OF
THE ESTATE OF MARIO PUZO,

        Defendant.

------------------------------------ X

**Civil Action No.  12 CIV-1268 (AJN)**

## ANSWER AND COUNTERCLAIM

Defendant, Anthony Puzo, as Executor of the Estate of Mario Puzo ("Defendant")
answers the Complaint dated as of February 17, 2012 (the "Complaint") as follows:

1.    Defendant denies the allegations of paragraph 1 and alleges that Paramount
Pictures Corporation ("Paramount") seeks by this action to disregard its contractual
promises to Mario Puzo.

2.    Defendant denies the allegations of paragraph 2, except that Mario Puzo did
enter into an agreement with Paramount in 1969, prepared by Paramount on Paramount's
printed form, and that, in exchange for a minimal payment, this agreement granted
Paramount certain rights in "The Godfather," but expressly deleted and excluded from
the granted rights the right "to publish said work and/or any version or adaptations

thereof, or any part or parts thereof, and to vend copies thereof." Not being granted to Paramount, such excluded rights were reserved in the author, Mario Puzo, including the right to publish a book that includes characters from "The Godfather" in new and different situations. Defendant alleges that this deletion and reservation of such book publishing rights in the 1969 Agreement was well known to Paramount when it falsely pleaded the supposed content of that agreement.

3.     Answering paragraph 3, defendant denies that Paramount acquired the rights it claims and denies that "Godfather 3" was highly acclaimed.

4.     Answering paragraph 4, defendant denies that, at the time alleged, the Puzo Estate expressed interest in publishing more than one sequel novel to "The Godfather."

5.     Answering paragraph 5, defendant denies that Paramount's motivation for the 2002 memorandum was as alleged or that Paramount has fully or correctly characterized the content of that memorandum. Defendant alleges that Paramount's self-serving motivation was to coerce Mario Puzo's children into ceding to Paramount the motion picture rights in the first sequel novel without payment.

6.     Defendant denies the allegations of paragraph 6, except that it did publish "The Godfather's Revenge." Defendant alleges that Paramount made no objection to the publication of that sequel novel.

7.     Answering paragraph 7, defendant denies that it has only "now" informed Paramount that it intended to publish another "Godfather" sequel and alleges that, during 2010 and 2011, it repeatedly informed Paramount in writing of its intention to enter into an agreement with a book publishing company for the publication of another sequel

novel.  Copies of these notifications to Paramount are attached as Exhibits "A" and "B"

hereto and incorporated by reference herein.  Until late in 2011, after the publishing

contract had been signed, Paramount made no objection to the intended publication or the

making of a publishing contract.

8.     Defendant denies the allegations of paragraph 8 and alleges that Paramount

has again attempted to coerce the children of Mario Puzo into ceding valuable rights to

Paramount without compensation and to force defendant to contract with respect to

Godfather books only with Paramount's sister corporation, a major book publishing

company.

9.     Answering paragraph 9, defendant denies the validity of Paramount's

trademarks and alleges that such trademarks cannot be used to preclude their use of books

the Estate is entitled to publish and that registration of such marks should be cancelled.

10.    Answering paragraph 10, defendant alleges that the Puzo Estate,

representing the children of Mario Puzo, needs no permission from Paramount to use the

title of their father's novel or to publish a sequel novel or to use what Paramount claims

are "the Godfather works."

11.    Answering paragraph 14, defendant denies that it has committed or has

announced plans to commit any infringing acts whatsoever.

12.    Answering paragraph 16, defendant incorporates and repleads its response

to the paragraphs incorporated by reference.

13.    Defendant denies each and every allegation of paragraphs 17, 19, 20, 21,

22, 23, 25, 26, 27 and 28, except that defendants are informed and believe that, subject to

cancellation pursuant to defendant's counterclaim, Paramount presently holds the copyright in three "Godfather" films.

14.     Answering paragraph 29, defendant repleads its response to the paragraphs incorporated by reference.

15.     Answering paragraph 30, defendant denies the validity, propriety and truth of Paramount's trademarks and trademark applications.

16.     Defendant denies each and every allegation of paragraphs 31, 32 and 33.

17.     Answering paragraph 34, defendant repleads its response to the paragraphs incorporated by reference.

18.     Defendant denies each and every allegation of paragraphs 35, 36 and 37.

19.     Answering paragraph 38, defendant repleads its response to the paragraphs incorporated by reference.

20.     Defendant denies each and every allegation of paragraphs 39, 40, 41 and 42 and alleges that Paramount's claims are not asserted in good faith, creating a supposed controversy that is not in fact "actual" or bona fide.

## AFFIRMATIVE DEFENSES

1.     Paramount's claims with respect to any previously published sequel novel are barred by the statute of limitations.

2.     All of Paramount's claims are barred by laches.

3.     All of Paramount's claims are barred by waiver and consent.

4.     All of Paramount's claims are barred by estoppel.

5.     All of Paramount's claims are barred by its unclean hands.

6.     The 1969 Agreement is a contract of adhesion on Paramount's printed form. If the 1969 Agreement were construed as Paramount purports to claim, it would be procedurally and substantively unconscionable and unenforceable.

7.     All of Paramount's claims are barred by its own acts of willful and material breach and repudiation of the agreements between Mario Puzo and Paramount.

## COUNTERCLAIMS

As and for its counterclaim against Paramount, defendant and counterclaimant (the "Puzo Estate") alleges as follows:

### FACTS RELEVANT TO EACH CLAIM

1.     In 1967, Mario Puzo entered into a written option agreement, prepared by Paramount, giving Paramount an option on certain rights in Puzo's novel "The Godfather" but expressly excluding and reserving in the author "book publishing rights."

2.     In 1969, Paramount entered into a written contract of adhesion with Mario Puzo on Paramount's printed form granting certain rights in "The Godfather" to Paramount, but not including the right "to publish said work and/or any versions or adaptations thereof, or any part or parts thereof, and to vend copies thereof." These deleted rights were reserved in the author, Mario Puzo.

3.     By reason of the foregoing, Mario Puzo reserved and retained inter alia the right to write and publish books including the characters from "The Godfather" in similar situations or in new and different situations.

4.      Mario Puzo and the Puzo Estate, representing the children of Mario Puzo, have done everything required of them under the foregoing agreements and are in no manner or respect in breach thereof.

5.      By claiming that the Estate cannot publish books that include characters from "The Godfather" in situations in or referred to in "The Godfather" or in new and different situations and in seeking to interfere with and prevent the Estate from publishing such books, Paramount is in willful and material breach of the 1969 Agreement with Mario Puzo and has repudiated the essential rights of Mario Puzo and the Puzo Estate under that Agreement.

## FIRST COUNTERCLAIM
### (Declaratory Judgment:  Cancellation of Contract Rights)

6.      Defendant and Counterclaimant incorporate by reference paragraphs 1 through 5 of this Counterclaim as though fully set forth herein.

7.      By reason of Paramount's material breach and repudiation of its 1969 Agreement with Mario Puzo, the Puzo Estate has, in addition to its other rights and remedies, the right to cancel and terminate Paramount's rights under the 1969 Agreement.  The Puzo Estate, by this counterclaim, exercises that right of termination and cancellation and asks the Court to declare such rights terminated and canceled.

## SECOND COUNTERCLAIM
### (Breach of Contract)

8.      Defendant and Counterclaimant incorporate by reference paragraphs 1 through 5 of this Counterclaim as though fully set forth herein.

9.      As a direct and proximate result of Paramount's material breach and repudiation of the 1969 Agreement, the Puzo Estate has incurred and will incur substantial monetary damages in a sum not yet known, but which the Puzo Estate alleges on information and belief will exceed the sum of $10 million.

### THIRD COUNTERCLAIM
**(Tortious Interference with Contract)**

10.     Defendant and Counterclaimant incorporate by reference paragraphs 1 through 5 of this Counterclaim as though fully set forth herein.

11.     During 2011, the Puzo Estate entered into a contract with Grand Central Publishing Co. ("Grand Central") pursuant to which Grand Central agreed to publish a book including characters from "The Godfather" in similar and different situations (the "Publishing Contract").

12.     During February 2012, knowing of the Publishing Contract, Paramount falsely asserted to Grand Central that the Puzo Estate had no right to publish that book, thereby inducing Grand Central to withhold its performance of the Publishing Contract.

13.     As a direct and proximate result of Paramount's wrongful conduct, the Puzo Estate has incurred and will incur substantial monetary damages in a sum not yet known, but which the Puzo Estate alleges on information and belief will exceed the sum of $10 million.

14.     Paramount's conduct was willful, malicious and oppressive, entitling the Puzo Estate to punitive damages.

WHEREFORE, the Estate prays judgment as follows:

1.     That Paramount take nothing by its complaint;

2.     That the Court declare that the Puzo Estate is entitled to publish and vend books including the characters and situations in "The Godfather" and depicting such characters in the same, similar or different situations;

3.     That the Court declare Paramount's rights under the 1969 Agreement terminated and canceled for its material breach and repudiation of the Agreement;

4.     For damages in such sum as shall be determined;

5.     For punitive damages; and

6.     For costs of suit and such other relief as the Court shall deem proper.

Dated: March 12, 2012
      Armonk, N.Y.

                BOIES, SCHILLER & FLEXNER LLP

By: _____
           Motty Shulman

           333 Main Street
           Armonk, N.Y. 10504
           P:    914.749.8200
           F:    914.749.8300
           mshulman@bsfllp.com

           Bertram Fields
           GREENBERG GLUSKER FIELDS
           CLAMAN & MACHTINGER LLP
           1900 Avenue of the Stars, 21st Floor
           Los Angeles, CA 90067
           P:    310.553.3610
           F:    310.553.0687
           bfields@ggfirm.com

           *Attorneys for Anthony Puzo, as Executor of the Estate of Mario Puzo*