UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY PUZO, AS EXECUTOR OF THE<br>ESTATE OF MARIO PUZO<br>Defendant. | **FIRST AMENDED COMPLAINT**<br><br>No. 12 Civ. 1268 (AJN)<br><br>ECF CASE |

## NATURE OF THIS ACTION

1.     This civil action is based on, and seeks declaratory relief and damages to redress, ongoing and prospective violations of the federal Copyright Act, 17 U.S.C. § 101 et seq., and of the federal trademark laws, 15 U.S.C. § 1114 and 1125(a).  It also seeks to protect the integrity and reputation of *The Godfather* trilogy, one of the most acclaimed and beloved artistic works of the past 50 years.

2.     In 1969, plaintiff Paramount Pictures Corporation ("Paramount") purchased from the late author Mario Puzo ("Puzo") the copyright interest in Puzo's novel *The Godfather*.  By written agreements executed on November 28, 1969, Puzo granted to Paramount, among other rights, "any and all copyrights therein and all rights now known or hereafter accruing therein and thereto, forever and throughout the world, together with the sole and exclusive right to use said work, in whole or in part, in whatever manner the Purchaser [i.e., Paramount] may desire, including, but not limited to, the sole and exclusive right: to make and cause to be made literary and dramatic and other versions and adaptations of every kind and character of said work or any part or parts thereof and/or any or all of the characters created therein . . . [and] to adapt, arrange, change, interpolate in, transpose, add to and subtract from said work to such extent as the

Purchaser, in its sole discretion, may desire in connection with any use which the Purchaser may make of said work . . . [and] to use any or all of the characters created therein and said titles or any simulations thereof in connection with any other works, whether or not the same are based upon or adapted from said work or any part or parts thereof."

3.     In this contract and grant of copyright, language granting Paramount the right to "publish said work and/or any versions or adaptations thereof, and to vend copies thereof" was stricken and excluded from the grant of copyright. This language was stricken from the contract and grant of copyright because Puzo had already published the novel entitled *The Godfather*. Aside from the limited right to publish  the original *The Godfather* novel and versions (for example, trade paperbacks, mass-market paperbacks, or large-type editions) or adaptations (for example, audiobooks) of that original novel, Puzo retained no other rights in *The Godfather*.

4.     After acquiring the aforementioned rights, Paramount adapted *The Godfather* novel into three highly-acclaimed motion pictures, directed by Francis Ford Coppola.

5.     Puzo died in 1999. After his death, the Puzo Estate expressed interest in creating and publishing additional *Godfather* "sequel novels," to be written by new authors.

6.     In 2002, in an attempt to accommodate the Puzo Estate while preserving the integrity of Paramount's *Godfather* franchise, Paramount and the Puzo Estate entered into a Memorandum of Agreement, under which the parties acknowledged that Paramount had no objection to the Puzo estate granting Random House the right to publish one (but only one) "Sequel Novel" to *The Godfather*. The Memorandum of Agreement also stated that "The Estate contends that it shall have the right to publish subsequent novels after the Sequel Novel without the consent of [Paramount] and [Paramount] contends to the contrary. Both parties reserve their rights and contentions with respect to subsequent sequels. Notwithstanding the foregoing, the

Estate acknowledges that [Paramount] is the sole and exclusive owner of all motion picture, television, and allied rights in and to the Novel [i.e., *The Godfather*] and the Sequel Novel." A first sequel novel, entitled *The Godfather Returns,* was published in 2004 pursuant to said Memorandum of Agreement.

7.     In 2006, without Paramount's knowledge or authorization, the Puzo Estate authorized the creation and publication of a second sequel novel, entitled *The Godfather's Revenge,* which received mediocre reviews and suffered weak sales. Far from properly honoring the legacy of *The Godfather*, the unauthorized *The Godfather's Revenge* tarnished it, and in the process, also misled consumers into believing that *The Godfather's Revenge* was authorized by Paramount, or otherwise affiliated with or connected to *The Godfather* and Paramount's *Godfather* franchise.

8.     The Puzo Estate has now publicly announced, and has informed Paramount, that it has authorized the creation of a third sequel novel, entitled *The Family Corleone,* and that it has authorized the publication of *The Family Corleone* within 2012.

9.     The Puzo Estate has also recently informed Paramount by letter that it contends, under the 1969 Agreement and subsequent agreements between the parties, that it possesses not only the right to publish sequel novels to the novel *The Godfather*, but that it alone possesses the motion picture and other audiovisual rights to sequel novels to *The Godfather*, including *The Godfather Returns, The Godfather's Revenge* and *The Family Corleone* and other sequel novels that might be created and published in future years.   Indeed, the Puzo Estate has offered to "sell" the "film rights" to *The Family Corleone* to Paramount.

10.     Accordingly, Paramount and the Puzo Estate have a current and ongoing dispute concerning the literary, publication, film, audiovisual and videogame, and other rights related to

sequel novels to *The Godfather*, including *The Godfather Returns, The Godfather's Revenge* and *The Family Corleone*

11.    Paramount respects and treasures the enormous contribution of the late Mario Puzo to a story and film franchise that is admired and loved throughout the world.  But the parties' 1969 agreements expressly state that aside from the limited reservation of publication rights in *The Godfather*,the sole and exclusive rights to create and distribute derivative works based on *The Godfather* novel, including "literary … versions and adaptations," and film and audiovisual rights, are owned by Paramount and not by the Puzo Estate.  The 2002 Memorandum of Agreement permitted the Puzo Estate to publish only one sequel, which was published under the title *The Godfather Returns*.  The publication of the unauthorized sequel entitled *The Family Corleone* will be a violation of Paramount's rights under the Copyright Act, and a threat to the legacy and integrity of the *Godfather* franchise.  The Puzo Estate's contention that it possesses film and other audiovisual rights to sequel novels to *The Godfather* is without merit.

12.    Paramount is also the owner of the registered trademark in the world-famous *Godfather* logo and related registered and common-law marks (collectively, the "Godfather Marks") as set forth in Exhibit "5" hereto and incorporated herein by this reference.   The Godfather Marks have a distinctive look and font that have been continually used to promote the *Godfather* franchise for nearly forty years.  Paramount has invested substantial time and resources in establishing (and enforcing) exclusive rights in the Godfather Marks for a range of goods and services, including without limitation the films themselves, entertainment services, video games and software, art prints, and apparel.  As a result of Paramount's efforts, the Godfather Marks have become famous marks of incalculable value.

13.     The Puzo Estate, without Paramount's permission, used the Godfather Marks on the covers of the first and second sequel novels.   The Puzo Estate also used the Godfather Marks in connection with advertising, marketing, and promotional material related to the first and second sequel novels.  On information and belief, the Puzo Estate intends to use the Godfather Marks in connection with the advertising, marketing, and promotion of the third sequel novel. The Puzo Estate is, on information and belief, aware of Paramount's ownership of the Godfather Marks.  Yet it did not seek, and has not sought, permission from Paramount before using Paramount's protected trademark interests for commercial gain.

14.     Accordingly, Paramount brings this action for damages, injunctive, and declaratory relief against the Puzo Estate in connection with its ongoing infringement of Paramount's copyright and trademark interests.

## PARTIES

15.     Plaintiff Paramount Pictures Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

16.     Defendant Anthony Puzo is the son of Mario Puzo and is the duly appointed representative of the Estate of Mario Puzo (the "Puzo Estate").  Defendant is a resident of New York.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over Paramount's claims under 28 U.S.C. § 1331 and 1338, and 15 U.S.C. § 1121, in that these copyright and trademark claims arise under the laws of the United States.  This Court has personal jurisdiction over Defendant because he is a resident of the State of New York, and because the Puzo Estate has committed

and has announced plans to commit numerous infringing acts in the State of New York and this District.

18.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 1400(a), in that, on information and belief, Defendant may be found in this District and a substantial part of the events or giving rise to the claim occurred and are occurring in this District.

## FIRST CAUSE OF ACTION FOR FEDERAL COPYRIGHT INFRINGEMENT

19.    Paramount realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

20.    Paramount owns the copyright, and all rights, title, and interest thereto, in the novel *The Godfather*, including the right to create derivative works thereto. The 1969 agreements between Paramount and Puzo reserved to Paramount all rights in *The Godfather* novel except the publication rights in that original novel. Puzo did not reserve any rights to publish a sequel to *The Godfather*. Thus, after execution of the 1969 agreements, Puzo retained no rights of any kind in *the Godfather* novel except for the right to publish that original novel .

21.    In its 2002 Memorandum of Agreement with the Puzo Estate, Paramount agreed not to object to the Puzo Estate's publication of a single sequel novel. However, the Memorandum of Agreement did not grant the Puzo Estate the right to publish subsequent sequels or to create any new derivative works based upon *The Godfather*.

22.    After the execution of the 2002 Memorandum of Agreement, among its other rights, Paramount continued to own all rights in and to *The Godfather* novel except for (a) Puzo's reserved right to publish the original novel and (b) the Puzo Estate's right to publish a single Paramount-authorized sequel novel.

23.    In addition to its copyright in the novel *The Godfather*, Paramount also owns the entire copyright in the films *The Godfather, The Godfather Part II*, and *The Godfather Part III*.

Collectively, Paramount's rights in the novel *The Godfather* and the three *The Godfather* films are referred to herein as the "Godfather Works."

24.     The Godfather Works are original works of authorship owned by Paramount and are copyrightable subject matter under the laws of the United States.

25.     Paramount is the owner of registered copyrights for each of the Godfather Works. Copies of the relevant registrations are attached to this complaint as Exhibits 1 through 4.

26.     The Puzo Estate has infringed upon, has continued to infringe upon, and has declared its intention to further infringe upon Paramount's copyright interests in the Godfather Works, by authorizing the creation of the second sequel novel *The Godfather's Revenge* and by causing its publication, and by authorizing the creation of the third sequel novel *The Family Corleone* and causing its publication.

27.     The Puzo Estate had access to at all relevant times, and did access, each of the Godfather Works.

28.     The Puzo Estate has infringed upon, and has announced its intention to continue to infringe upon, Paramount's copyright interest in the Godfather Works through the unauthorized and unlawful creation of derivative works substantially similar to the Godfather Works, violating Paramount's exclusive right to create derivative works granted under 17 U.S.C. § 106(2).

29.     Paramount is informed and believes and on that basis alleges that the Puzo Estate had full knowledge that its acts were and are wrongful and unlawful. Nonetheless, the Puzo Estate has continued to infringe on Paramount's copyrights, throughout the United States, even after Paramount informed the Puzo Estate by letter and other correspondence that its actions constituted wrongful infringement. Upon information and belief, the Puzo Estate's acts of

copyright infringement were committed both with knowledge that their conduct constituted copyright infringement and for purposes of commercial advantage or private financial gain. Thus, the Puzo Estate's copyright infringement was and is willful pursuant to 17 U.S.C. §§ 501 et seq.

30.     By reason of the foregoing, Paramount has suffered damages in an amount to be determined at trial, and is entitled, at its election, to either (a) all damages suffered by Paramount, along with all gains, profits, and advantages derived by the Puzo Estate from its acts of infringement, plus exemplary or punitive damages in amounts to be proven at trial, (b) statutory damages as provided for in the Copyright Act.   Paramount is also entitled to attorney's fees as available by law.  I

## SECOND CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

31.     Paramount realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

32.     Paramount owns various United States trademark registrations that include the distinctive design of *The Godfather* trademark, including USPTO Reg. Nos. 1,674,068; 1,707,295; 3,159,811; 3,159,762; 3,432,881; 3,432,882; 3,437,926; and 3,628,838.   Copies of the relevant trademark registrations are set forth on Exhibit 5 hereto.  Paramount has also filed several trademark applications in connection with related marks, including USPTO Application Nos. 85387110, 77769544, 77795896, and 77795903.  Collectively, these registrations and applications are referred to herein as the "Godfather Marks."

33.     The Puzo Estate's actions and planned actions in connection with the sale, offering for sale, distribution, and/or advertising of goods bearing the Godfather Marks in interstate commerce, without the consent of Paramount, constitutes infringement of the

Godfather Marks and has caused or is likely to cause a likelihood of confusion, mistake, or deception.

34.     Paramount has suffered damages as a result of the Puzo Estate's acts of infringement in an amount to be proven at trial.

35.     The Puzo Estate's actions have been knowing, intentional, wanton, and willful, entitling Paramount to treble damages, statutory damages, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN
#### (15 U.S.C. § 1125(a))

36.     Paramount realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

37.     The Puzo Estate's actions and planned actions in connection with the sale, offering for sale, distribution, and/or advertising of goods bearing the Godfather Marks in interstate commerce, without the consent of Paramount, constitutes a false designation of origin and has caused or is likely to cause a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public.

38.     Paramount has suffered damages as a result of the Puzo Estate's acts of unfair competition in an amount to be proven at trial

39.     The Puzo Estate's actions have been knowing, intentional, wanton, and willful, entitling Paramount to treble damages, statutory damages, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF

40.     Paramount realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

41.     Paramount and the Puzo Estate have a current and ongoing dispute concerning the following matters related to ongoing or potential copyright infringement by the Puzo Estate:

a.    whether Paramount, on the one hand, or the Puzo Estate, on the other, retains the sole and exclusive copyright interest in the literary rights to the novel *The Godfather*;

b.    whether Paramount, on the one hand, or the Puzo Estate, on the other, possesses the sole and exclusive right under the Copyright Act to create literary sequel novels based upon the novel *The Godfather*;

c.    whether Paramount, on the one hand, or the Puzo Estate, on the other, possesses the sole and exclusive right under the Copyright Act to publish literary works, such as sequel novels, based upon the novel *The Godfather*;

d.    whether the creation of (and/or authorization by the Puzo Estate to create) the sequel novels *The Godfather Returns, The Godfather's Revenge* and/or *The Family Corleone* infringes upon copyright interests held by Paramount;

e.    whether the publication of (and/or authorization by the Puzo Estate to publish) the sequel novels *The Godfather Returns, The Godfather's Revenge* and/or *The Family Corleone* infringes upon copyright interests held by Paramount;

f.    whether Paramount, on the one hand, or the Puzo Estate, on the other, is the sole and exclusive owner of all copyright interests other than literary rights in *The Godfather Returns, The Godfather's Revenge* and *The Family Corleone*, including motion picture, television, video game, or other audiovisual copyright interests;

g.    whether Paramount, on the one hand, or the Puzo Estate, on the other, is the sole and exclusive owner of all copyright interests other than literary rights, including motion picture, television, video game, or other audiovisual copyright interests, in any subsequent sequel novel or derivative literary work based upon *The Godfather*.

42.    An actual controversy has also arisen has arisen and now exists between Paramount, on the one hand, and the Puzo Estate, on the other, as to whether the Puzo Estate's use of the Godfather Marks in connection with the promotion and marketing of *The Godfather's*

*Revenge* and *The Family Corleone* constitutes trademark infringement and/or unfair competition and false designation of origin under the federal trademark laws.

43.     By reason of the foregoing, Paramount is entitled to a declaration as follows:

a.     that Paramount retains the copyright interest in the literary rights to the novel *The Godfather*;

b.     that Paramount, and not the Puzo Estate, possesses the sole and exclusive right under the Copyright Act to create literary sequel novels based upon the novel *The Godfather;*

c.     that Paramount, and not the Puzo Estate, possesses the sole and exclusive right under the Copyright Act to publish literary works, such as sequel novels, based upon the novel *The Godfather;*

d.     that the creation (and/or authorization by the Puzo Estate to create) the sequel novels *The Godfather Returns, The Godfather's Revenge* and/or *The Family Corleone* infringes upon copyright interests held by Paramount;

e.     that the publication (and/or authorization by the Puzo Estate to publish) the sequel novels *The Godfather Returns, The Godfather's Revenge* and/or *The Family Corleone* infringes upon copyright interests held by Paramount;

f.     that Paramount, and not the Puzo Estate, is the sole and exclusive owner of all copyright interests other than literary rights in *The Godfather Returns, The Godfather's Revenge* and *The Family Corleone*, including but not limited to motion picture, television, video game, and other audiovisual copyright interests;

g.     that Paramount, and not the Puzo Estate, is the sole and exclusive owner of all copyright interests other than literary rights in any subsequent sequel novel or derivative literary work based upon *The Godfather*, including but not limited to motion picture, television, video game, or other audiovisual copyright interests.

44.     Paramount is also entitled to a declaration that the Puzo Estate's unauthorized use of the Godfather Marks constitutes trademark infringement and/or unfair competition and false designation of origin under the federal trademark laws.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment as follows:

i.      A declaration as set forth in the foregoing Paragraph 43, and other declaratory relief as deemed appropriate in the determination of the Court;

ii.     Statutory and compensatory damages according to proof;

v.      Punitive and exemplary damages for the willful, reckless, and wanton nature of the Puzo Estate's acts;

x.      An award of costs, expenses, and attorney's fees;

xi.     All further relief as is just and proper, in the determination of the Court.

Dated: April 2, 2012                         GAGE SPENCER & FLEMING LLP

By: _____
                                             Ashley R. Garman (AG- 2241)
                                             G. Robert Gage, Jr. (GG- 3951)
                                             410 Park Avenue, 9th Floor
                                             New York, NY 10022
                                             Tel: (212) 768-4900
                                             Fax: (212) 768-3629
                                             agarman@gagespencer.com
                                             grgage@gagespencer.com

                                             *Local Counsel to Plaintiff Paramount
                                             Pictures Corporation*

                                             Richard B. Kendall
                                             Nicholas F. Daum
                                             KENDALL BRILL & KLIEGER LLP
                                             10100 Santa Monica Boulevard, Suite 1725
                                             Los Angeles, California 90067
                                             Tel: (310)556-2700
                                             Fax: (310)556-2705

*Attorneys for Plaintiff Paramount Pictures*
*Corporation*

# EXHIBIT 1

FORM A

...ation for Registration of a Claim to Copyright
...lished book manufactured in the United States of America

| CLASS | REGISTRATION NO. |
|---|---|
| **A** | A 58755 |
| | DO NOT WRITE HERE |

...... Make sure that all applicable spaces have been ..... before you submit the form. The application must ..... at line 10 and the **AFFIDAVIT** (line 11) **must be** ...ED **AND NOTARIZED**. The application should not ...dated until after the date of publication given in line ... should state the facts which existed on that date. For ... information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies. Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C., 20540, together with 2 copies of the best edition of the work and the registration fee of $6. Make your remittance payable to the Register of Copyrights.

... Claimant(s) and Addresses(es): Give the name(s) and address(es) of the copyright owner(s). Ordinarily the ... should be the same as in the notice of copyright on the copies deposited.

Mario Puzo

866 Manor Lane, Bayshore, Long Island, N. Y. 11706

THE GODFATHER

(Give the title of the book as it appears on the title page)

... Citizenship and domicile information must be ... Where a work was made for hire, the employer is the ... The citizenship of organizations formed under U.S. ... or State law should be stated as U.S.A. Authors

may be editors, compilers, translators, illustrators, etc., as well as authors of original text. If the copyright claim is based on new matter (see line 5) give requested information about the author of the new matter.

Mario Puzo ............................ Citizenship U.S.A.
(Give legal name followed by pseudonym if latter appears on the copies)   (Name of country)

...ed in U.S.A. Yes      X      No .......... Address ....... see above ....................

.................................................. Citizenship .......................
(Give legal name followed by pseudonym if latter appears on the copies)   (Name of country)

...ed in U.S.A. Yes .......... No .......... Address ....................

.................................................. Citizenship .......................
(Give legal name followed by pseudonym if latter appears on the copies)   (Name of country)

...ed in U.S.A. Yes .......... No .......... Address ....................

**... Date of Publication of This Edition:** Give the complete ... when copies of this particular edition were first placed ... sale, sold, or publicly distributed. The date when copies

were made or printed should not be confused with the date of publication. **(NOTE:** The full date (month, day, and year) must be given.) For further information, see page 4.

March 10, 1969

(Month)      (Day)      (Year)

**...** **(NOTE: Leave line 5 blank unless the following instructions apply to this work.)**

**... New Matter in This Version:** If any substantial part of this **work** has been previously published anywhere, give a brief, **general** statement of the nature of the new matter published

for the first time in this version. New matter may consist of compilation, translation, abridgment, editorial revision, and the like, as well as additional text or pictorial matter.

**... NOTE:** **Leave line 6 blank unless there has been a PREVIOUS FOREIGN EDITION in the English language.**

**... Book in English Previously Manufactured and Published Abroad:** If all or a substantial part of the text of this edition was **previously** manufactured and published abroad in the English language, complete the following spaces:

Date of first publication of foreign edition ....................
(Year)

Was registration for the foreign edition made in the U.S. Copyright Office? Yes .......... No ..........

| EXAMINER |
|---|
| M R |

If your answer is "Yes," give registration number ....................

*Complete all applicable spaces on next page*

7. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account

G. P. Putnam's Sons

8. Name and address of person or organization to whom correspondence or refund, if any, should be sent:

Name ...... Phoebe McKay .......... Address .................................

9. Send certificate to:

(Type or print name and address)

Name ...... Miss Phoebe McKay ......
......... G. P. Putnam's Sons ...........

Address ...... 200 Madison Avenue .......
(Number and street)
...... New York, New York  10016 .........
(City) ........ (State) ........ (ZIP code)

10. Certification: (NOTE: Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

....................................................
(Signature of copyright claimant or duly authorized agent)

11. Affidavit (required by law.)  Instructions: (1) Fill in the blank spaces with special attention to those marked "(X)".
(2) Sign the affidavit before an officer authorized to administer oaths within the United States, such as a notary public. (3)
Have the officer sign and seal the affidavit and fill in the date of execution.

NOTE: The affidavit must be signed and notarized only on or after the date of publication or completion of printing which it states. The affidavit *must* be signed by an individual.

STATE OF ...... New York ......

COUNTY OF ...... New York ...... } ss:

I, the undersigned, depose and say that I am the
☐ Person claiming copyright in the book described in this application;
☒ Duly authorized agent of the person or organization claiming copyright in the book described in this application;
☐ Printer of the book described in this application.

That the book was published or the printing was completed on: (X) ...... March 10, 1969 ......
(Give month, day, and year)

That of the various processes employed in the production of the copies deposited, the setting of the type was performed within the limits of the United States or the making of the plates was performed within the limits of the United States from type set therein; or the lithographic or photoengraving processes used in producing the text were wholly performed within the limits of the United States, and that the printing of the text and the binding (if any) were also performed within the limits of the United States. That such typesetting, platemaking, lithographic or photoengraving process, printing, and binding was performed by the following establishments or individuals at the following addresses: (GIVE THE NAMES AND ADDRESSES OF THE PERSONS OR ORGANIZATIONS WHO PERFORMED SUCH TYPESETTING OR PLATEMAKING OR LITHOGRAPHIC PROCESS OR PHOTOENGRAVING PROCESS OR PRINTING AND BINDING, ETC.)

Names (X) ...... American Book-Stratford Press, Inc. ...... Addresses (X) ...... New York, New York ......

....................................................
(Signature of affiant)
(Sign and notarize only on or after date given above)

PLACE
NOTARIAL SEAL
HERE

Subscribed and sworn to affirmed before me this ...... 14 ......

day of ...... March ......, 196 5

....................................................
(Signature of notary)

SEBASTIAN AI....
Notary Public, St. te of....
NY 52 00....
Qualified in ....
Term Expires March....

| Application and affidavit received | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|
| M.... 1969 | |
| Two copies received | |
| MA.. 24 1969 | |
| Fee received | |
| Renewal | |
| R 757-735 | |

Page 2

**FORM RE**

UNITED STATES COPYRIGHT OFFICE

RE 757-735

EFFECTIVE DATE OF RENEWAL REGISTRATION
APR 2 2 1997
(Month)   (Day)   (Year)

DO NOT WRITE ABOVE THIS LINE.   FOR COPYRIGHT OFFICE USE ONLY

---

**①**
**Renewal Claimant(s)**

RENEWAL CLAIMANT(S), ADDRESS(ES), AND STATEMENT OF CLAIM: (See Instructions)

**1**
Name...... Mario Puzo
Address ... c/o Donadio & Ashworth, Inc., 121 West 27th St., New York, N.Y. 10001.
Claiming as ............ Author
(Use appropriate statement from Instructions)

**2**
Name......
Address ......
Claiming as ......
(Use appropriate statement from Instructions)

**3**
Name......
Address ......
Claiming as ......
(Use appropriate statement from Instructions)

---

TITLE OF WORK IN WHICH RENEWAL IS CLAIMED:

THE GODFATHER

RENEWABLE MATTER:

Entire text

086819948

CONTRIBUTION TO PERIODICAL OR COMPOSITE WORK:

Title of periodical or composite work: ..................
If periodical or other serial, give: Vol .......... No. .......... Issue Date ..........

---

**③**
**Author(s)**

AUTHOR(S) OF RENEWABLE MATTER:

Mario Puzo

---

**④**
**Facts of Original Registration**

ORIGINAL REGISTRATION NUMBER:

A 58755

ORIGINAL COPYRIGHT CLAIMANT:
Mario Puzo
866 Manor Lane, Bayshore
Long Island, N.Y.   11706

ORIGINAL DATE OF COPYRIGHT:

• If the original registration for this work was made in published form,
give:
DATE OF PUBLICATION: .......... March     10     1969
(Month)   (Day)   (Year)

or

• If the original registration for this work was made in unpublished form,
give:
DATE OF REGISTRATION: ..................
(Month)   (Day)   (Year)

| EXAMINED BY: | RENEWAL APPLICATION RECEIVED. | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|
| CHECKED BY: | APR 22 1997 | |
| DEPOSIT ACCOUNT FUNDS USED: ☐ | REMITTANCE NUMBER AND DATE: | |

**DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY**

**RENEWAL FOR GROUP OF WORKS BY SAME AUTHOR:** To make a single registration for a group of works by the same individual author published as contributions to periodicals (see instructions), give full information about each contribution. If more space is needed, request continuation sheet (Form RE/CON).

Renewal for Group of Works

**1**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**2**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**3**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**4**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**5**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**6**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**7**
Title of Contribution: ..................................................
Title of Periodical: .............................. Vol. ...... No. ...... Issue Date ......
Date of Publication: ................................ Registration Number: ......................
(Month) (Day) (Year)

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: .. The Putnam Publishing Group ..............

Account Number: .. DA 038288 ........................

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: Theresa Lynch c/o The Putnam Pub.Grp.

Address: 200 Madison Avenue
New York, N.Y.     10016
(City)     (State)     (Zip)

**6** Fee and Correspondence

**CERTIFICATION:** I, the undersigned, hereby certify that I am the: (Check one)
☐ renewal claimant   ☒ duly authorized agent of: .. Mario Puzo ........
(Name of renewal claimant)
of the work identified in this application, and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) Theresa Lynch

Typed or printed name: .. Theresa Lynch ............

Date: .. April 10, 1997 ........

**7** Certification (Application must be signed)

**MAIL CERTIFICATE TO**

Theresa Lynch c/o The Putnam Publishing Group
(Name)

200 Madison Avenue
(Number, Street and Apartment Number)

New York, N.Y.     10016
(City)     (State)     (Zip code)

(Certificate will be mailed in window envelope)

**8** Address for Return of Certificate

☆ U.S. GOVERNMENT PRINTING OFFICE: 404-601

May 1983 – 25,000

# EXHIBIT 2

# Certificate

## Registration of a Claim to Copyright
### in a motion picture

FORM L-M

| CLASSES | REGISTRATION NO. |
|---------|------------------|
| **L-M** | P  40553 |

DO NOT WRITE HERE

This Is To Certify that the statements set forth on this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.



*Register of Copyrights*
*United States of America*



**1. Copyright Claimant(s) and Address(es):**

Name  Paramount Pictures Corporation

Address  1 Gulf + Western Plaza, New York, New York  10023

Name

Address

**2. (a) Title:**  THE GODFATHER

(Give the title of this particular motion picture as it appears on the copies)

(b) Series Title:

(If work is part of a series with a continuing title, give series title)

**3. (a) Nature of Work:**

X ☐ Photoplay                    ☐ Motion picture other than a photoplay

(b) Description of Copies:  15,759 feet

(Give running time, footage, or number of reels)

(c) Number of Prints Deposited: (For unpublished works only)

**4. Author:**

Name  Paramount Pictures Corporation                    Citizenship  U S A

(Name of country)

202 N. Canon Drive

Domiciled in U.S.A.  Yes  X  No      Address  Beverly Hills, California  90210

**5. (a) Date of Publication:**

February 23, 1972

(Month)          (Day)          (Year)

(b) Place of Publication:

United States

(Name of country)

**6. Previous Registration or Publication:**

Was work previously registered? Yes ...... No ...... Date of registration .................... Registration number ..........

Was work previously published? Yes ...... No ...... Date of publication .................... Registration number ..........

Is there any substantial NEW MATTER in this version?  Yes ...... No ..... If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version:

EXAMINER

*Complete all applicable spaces on next page*

7. Deposit account:

Fulton Brylawski

8. Send correspondence to:

Name ........................................  Address ........................................

9. Send certificate to:

(Type or print name and address)   Name

**Fulton Brylawski**

Address

**224 E. Capitol Street**
(Number and street)

**Washington,   D. C.    20003**
(City)          (State)          (ZIP code)

## Information concerning copyright in motion pictures

*When to Use Form L–M.* Form L–M is appropriate for unpublished and published motion pictures.

*What Is a "Motion Picture"?* The copyright law provides for two classes of motion pictures.

—*Photoplays* (Class L) include motion pictures that are dramatic in character and tell a connected story, such as feature films, filmed television plays, and animated cartoons.

—*Motion Pictures Other Than Photoplays* (Class M) include such films as newsreels, travelogues, promotional films, nature studies, and filmed television programs having no plot.

*Unpublished Scenarios.* The Copyright Office cannot make registration for an unpublished scenario, synopsis, format, or general description of a motion picture.

*No "Blanket" Copyright.* The general idea, outline, or title of a motion picture or of a filmed series cannot be copyrighted. Registration for a motion picture covers the copyrightable material in the film, but does not give any sort of "blanket" protection to the characters or situations portrayed, to future films in the series, or to the series as a whole.

*Duration of Copyright.* Statutory copyright begins on the date the work was first published, or, if the work was registered for copyright in unpublished form, copyright begins on the date of registration. In either case, copyright lasts for 28 years, and may be renewed for a second 28-year term.

### Unpublished motion pictures

*How to Register a Claim.* To obtain copyright registration mail the following material to the Register of Copyrights, Library of Congress, Washington, D.C. 20540: (1) the title of the film; (2) a description (synopsis, press book, continuity, etc.); (3) for photoplays, one print (frame or blow-up) taken from each scene or act, and for other motion pictures, at least two prints taken from different sections of the film; (4) an

application on Form L–M; and, (5) a fee of $6.

*Procedure to Follow if Work Is Later Published.* If the work is later reproduced in copies and published, it is necessary to make a second registration, following the procedure outlined below. To maintain copyright protection, all copies of the published work must contain a copyright notice in the required form and position.

### Published motion pictures

*What Is "Publication"?* Publication, generally, means the sale, placing on sale, or public distribution of copies. In the case of a motion picture, it may also include distribution to film exchanges, film distributors, exhibitors, or broadcasters under a lease or similar arrangement.

*How to Secure Copyright in a Published Motion Picture:*

1. *Produce copies with the copyright notice.*
2. *Publish the work.*
3. *Register the copyright claim* by sending to the Copyright Office: (1) two complete copies of the best edition of the motion picture; (2) a description (synopsis, press book, continuity, etc.); (3) an application on Form L–M; and, (4) a fee of $6.

*The Copyright Notice.* In order to secure and maintain copyright protection for a published work, it is essential that all copies published in the United States contain the statutory copy-

right notice. For motion pictures this notice should appear on or near the title frame, and should consist of the word "Copyright," the abbreviation "Copr.," or the symbol ©, accompanied by the name of the copyright owner and the year date of publication. Example: © John Doe 1971. Use of the symbol © may result in securing copyright in countries which are parties to the Universal Copyright Convention.

NOTE: If copies are published without the required notice, the right to secure copyright is lost and cannot be restored.

*Return of Deposit Copies.* The deposit copies (i.e., reels) of published motion pictures are subject to retention by the Library of Congress. However, it may be possible to enter into a contract with the Librarian for the return of the copies under certain conditions, and contract forms may be obtained on request. Information regarding the contract may be obtained from the Exchange and Gift Division, Library of Congress, Washington, D.C. 20540.

---

FOR COPYRIGHT OFFICE USE ONLY

| Application received | Prints received | One copy received |
|---|---|---|
| Two copies received **26 APR 1972** | | |
| Title and description received **APR 26 1972** | | |
| Fee received | | |

# EXHIBIT 3

Page 3

# Certificate
## Registration of a Claim to Copyright
### in a motion picture

This Is To Certify that the statements set forth on this certificate have been made a part of the records of the Copyright Office. In witness whereof the seal of the Copyright Office is hereto affixed.

*Barbara Ringer*

Register of Copyrights
United States of America



FORM L-M

| CLASSES | REGISTRATION NO. |
|---------|------------------|
| **L-M** | LP 44010 |

DO NOT WRITE HERE



NOT VALID WITHOUT COPYRIGHT OFFICE IMPRESSION SEAL

**1. Copyright Claimant(s) and Address(es):**

Name _____ Paramount Pictures Corporation and The Coppola Company

Address _____ Paramount (1 Gulf Western Plaza, New York, New York 10023
Coppola Co. ( c/o Rosenfeld, Meyer & Susman, 9601 Wilshire Blvd.
Beverly Hills, Calif. 9021C

Name _____

Address _____

**2. (a) Title:** _____ THE GODFATHER PART II
(Give the title of this particular motion picture as it appears on the copies)

**(b) Series Title:** _____
(If work is part of a series with a continuing title, give series title)

**3. (a) Nature of Work:**

X ☐ Photoplay      ☐ Motion picture other than a photoplay

**(b) Description of Copies:** _____ 200 minutes
(Give running time, footage, or number of reels)

**(c) Number of Prints Deposited:** (For unpublished works only) _____

**4. Author:**

Name _____ The Coppola Company _____ Citizenship _____ U S A
(Name of country)

Domiciled in U.S.A. Yes __X__ No _____ Address _____ c/o Rosenfeld, Meyer & Susman
9601 Wilshire Blvd. Beverly Hills, Calif.

**5. (a) Date of Publication:**

December 9, 1974
(Month)      (Day)      (Year)

**(b) Place of Publication:**

United States
(Name of country)

**6. Previous Registration or Publication:**

Was work previously registered? Yes _____ No _____ Date of registration _____ Registration number _____
Was work previously published? Yes _____ No _____ Date of publication _____ Registration number _____
Is there any substantial NEW MATTER in this version? Yes _____ No _____ If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version:

_____

EXAMINER

7. Deposit account:

Fulton Brylawski

8. Send correspondence to:

Name ____ **Fulton Brylawski** _____ Address _____

9. Send certificate to:

(Type or print name and address)

Name   Fulton Brylawski

Address   224 E. Capitol Street
(Number and street)

Washington          D. C.          20003
(City)               (State)       (ZIP code)

## Information concerning copyright in motion pictures

*When to Use Form L–M.* Form L–M is appropriate for unpublished and published motion pictures.

*What Is a "Motion Picture"?* The copyright law provides for two classes of motion pictures.

—*Photoplays* (Class L) include motion pictures that are dramatic in character and tell a connected story, such as feature films, filmed television plays, and animated cartoons.

—*Motion Pictures Other Than Photoplays* (Class M) include such films as newsreels, travelogues, promotional films, nature studies, and filmed television programs having no plot.

*Unpublished Scenarios.* The Copyright Office cannot make registration for an unpublished scenario, synopsis, format, or general description of a motion picture.

*No "Blanket" Copyright.* The general idea, outline, or title of a motion picture or of a filmed series cannot be copyrighted. Registration for a motion picture covers the copyrightable material in the film, but does not give any sort of "blanket" protection to the characters or situations portrayed, to future films in the series, or to the series as a whole.

*Duration of Copyright.* Statutory copyright begins on the date the work was first published, or, if the work was registered for copyright in unpublished form, copyright begins on the date of registration. In either case, copyright lasts for 28 years, and may be renewed for a second 28-year term.

### Unpublished motion pictures

*How to Register a Claim.* To obtain copyright registration mail the following material to the Register of Copyrights, Library of Congress, Washington, D.C. 20540: (1) the title of the film; (2) a description (synopsis, press book, continuity, etc.); (3) for photoplays, one print (frame or blow-up) taken from each scene or act, and for other motion pictures, at least two prints taken from different sections of the film; (4) an

application on Form L–M; and, (5) a fee of $6.

*Procedure to Follow if Work Is Later Published.* If the work is later reproduced in copies and published, it is necessary to make a second registration, following the procedure outlined below. To maintain copyright protection, all copies of the published work must contain a copyright notice in the required form and position.

### Published motion pictures

*What Is "Publication"?* Publication, generally, means the sale, placing on sale, or public distribution of copies. In the case of a motion picture, it may also include distribution to film exchanges, film distributors, exhibitors, or broadcasters under a lease or similar arrangement.

*How to Secure Copyright in a Published Motion Picture:*
1. Produce copies with the copyright notice.
2. Publish the work.
3. *Register the copyright claim* by sending to the Copyright Office: (1) two complete copies of the best edition of the motion picture; (2) a description (synopsis, press book, continuity, etc.); (3) an application on Form L–M; and, (4) a fee of $6.

*The Copyright Notice.* In order to secure and maintain copyright protection for a published work, it is essential that all copies published in the United States contain the statutory copy-

right notice. For motion pictures this notice should appear on or near the title frame, and should consist of the word "Copyright," the abbreviation "Copr.," or the symbol ©, accompanied by the name of the copyright owner and the year date of publication. Example: © John Doe 1971. Use of the symbol © may result in securing copyright in countries which are parties to the Universal Copyright Convention.

NOTE: If copies are published without the required notice, the right to secure copyright is lost and cannot be restored.

*Return of Deposit Copies.* The deposit copies (i.e., reels) of published motion pictures are subject to retention by the Library of Congress. However, it may be possible to enter into a contract with the Librarian for the return of the copies under certain conditions, and contract forms may be obtained on request. Information regarding the contract may be obtained from the Exchange and Gift Division, Library of Congress, Washington, D.C. 20540.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| Application received<br>JAN 23 1975 | Prints received | One copy received |
| Two copies received<br>8 FEB 1975 | | |
| Title and description received<br>23 JAN 1975 | | |
| Fee received | | |

# EXHIBIT 4

# CERTIFICATE OF COPYRIGHT REGISTRATION



OFFICIAL SEAL

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

REGISTER OF COPYRIGHTS
United States of America

**FORM PA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

PA   509-359

PA          PAU

EFFECTIVE DATE OF REGISTRATION

MAR 2 0 1991
Month       Day       Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼

THE GODFATHER, PART III

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions

MOTION PICTURE PHOTOPLAY

**2** NAME OF AUTHOR ▼

PARAMOUNT PICTURES CORPORATION

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is Yes, see detailed instructions.

**NOTE**

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

ENTIRE WORK -- SEE SPACE 6

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is Yes, see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is Yes, see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given ONLY if this work has been published.
1990  ◀ Year  In all cases.

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information
Month ▶ DECEMBER  Day ▶ 10  Year ▶ 1990
▶ U.S.A.  ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

PARAMOUNT PICTURES CORPORATION
5555 MELROSE AVENUE
LOS ANGELES, CALIFORNIA  90038-3197

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

APPLICATION RECEIVED
DEC 28 1990
ONE DEPOSIT RECEIVED
DEC 28 1990
TWO DEPOSITS RECEIVED
MAR 2 0 1991
REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing space

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.          DO NOT WRITE HERE

EXAMINED BY _____ FORM PA

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

PA     509-359

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**   Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material   Identify any preexisting work or works that this work is based on or incorporates. ▼

Some of the previously registered musical compositions contained in this work.

See instructions
before completing
this space

b. Material Added to This Work   Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Portions of the Screenplay as included in this motion picture, remaining musical compositions and other soundtrack and cinematographic material.

**6**

**DEPOSIT ACCOUNT**   If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                          Account Number ▼

PARAMOUNT PICTURES CORPORATION                DA 030201

**CORRESPONDENCE**   Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼

PARAMOUNT PICTURES CORPORATION
5555 MELROSE AVENUE
LOS ANGELES, CALIFORNIA   90038-3197
ATTN:   GISELE M. SOLOMON
          Area Code & Telephone Number ▶          (213) 956-5404

Be sure to
give your
daytime phone
◀ number

**7**

**CERTIFICATION**   I, the undersigned, hereby certify that I am the
check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Paramount Pictures Corporation
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Paul D. Springer, Senior Vice President                    date ▶ December 20, 1990

          Handwritten signature (X) ▼

**8**

**MAIL
CERTIFI-
CATE TO**

Certificate
will be
mailed in
window
envelope

Name ▼
Gisele M. Solomon,
c/o PARAMOUNT PICTURES CORPORATION
Number-Street/Apartment Number ▼
5555 MELROSE AVENUE (LUBITSCH #413)
City State ZIP ▼
LOS ANGELES, CALIFORNIA   90038-3197

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Non-refundable $10 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
**MAIL TO**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in

# EXHIBIT 5

Int. Cl.: 9

Prior U.S. Cls.: 21, 36 and 38

Reg. No. 1,674,068

United States Patent and Trademark Office

Registered Feb. 4, 1992

## TRADEMARK
## PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION (DELAWARE CORPORATION)
5555 MELROSE AVENUE
LOS ANGELES, CA 900383197

FOR: ENTERTAINMENT MOTION PICTURE FILMS, PRE-RECORDED ENTERTAINMENT VIDEO CASSETTES AND PRE-RECORDED DISC PHONOGRAPH RECORDS, COMPACT DISCS AND AUDIO CASSETTES FEATURING MUSIC FROM MOTION PICTURE FILMS, IN CLASS 9 (U.S. CLS. 21, 36 AND 38).

FIRST USE 3-15-1972; IN COMMERCE 3-15-1972.

SER. NO. 74-111,525, FILED 11-1-1990.

THOMAS V. SHAW, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Reg. No. 1,707,295
Registered Aug. 11, 1992

## SERVICE MARK
### PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION
(DELAWARE CORPORATION)
5555 MELROSE AVENUE
LOS ANGELES, CA 900383197

FOR: ENTERTAINMENT SERVICES IN THE
NATURE OF A SERIES OF MOTION PICTURE
FILMS, IN CLASS 41 (U.S. CL. 107).

FIRST USE 3-15-1972; IN COMMERCE
3-15-1972.
THE MARK CONSISTS OF THE WORDS
"THE GODFATHER" WITH A HAND HOLD-
ING PUPPET STRINGS.

SER. NO. 74-110,978, FILED 10-31-1990.

THOMAS V. SHAW, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 3,159,811

United States Patent and Trademark Office

Registered Oct. 17, 2006

## TRADEMARK
## PRINCIPAL REGISTER

# THE GODFATHER

PARAMOUNT PCITURES CORPORATION (DE-LAWARE CORPORATION)
5555 MELROSE AVENUE
HOLLYWOOD, CA 90038

FOR: INTERACTIVE VIDEO GAME PROGRAMS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-21-2006; IN COMMERCE 3-21-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-325,511, FILED 11-10-2003.

ALICIA COLLINS, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**United States Patent and Trademark Office**

Reg. No. 3,159,762

Registered Oct. 17, 2006

TRADEMARK
PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION (DE-LAWARE CORPORATION)
5555 MELROSE AVENUE
HOLLYWOOD, CA 90038

FOR: INTERACTIVE VIDEO GAME PROGRAMS AND SOFTWARE RECORDED ON CD-ROMS AND DVD-ROMS AND FOR DISC-BASED, CARTRIDGE-BASED AND HAND-HELD CONSOLE PLATFORMS , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-21-2006; IN COMMERCE 3-21-2006.

THE MARK CONSISTS OF STYLIZED HAND PUPPET DESIGN.

SN 78-279,835, FILED 7-28-2003.

HOWARD B. LEVINE, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

Reg. No. 3,432,881

United States Patent and Trademark Office

Registered May 20, 2008

TRADEMARK
PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION (DE-
LAWARE CORPORATION)
5555 MELROSE AVENUE
HOLLYWOOD, CA 90038

FOR: ART PRINTS, IN CLASS 16 (U.S. CLS. 2, 5, 22,
23, 29, 37, 38 AND 50).

FIRST USE 2-9-2007; IN COMMERCE 2-9-2007.

OWNER OF U.S. REG. NOS. 1,674,068 AND
1,707,295.

THE MARK CONSISTS OF A DEPICTION OF
PUPPET HANDS WITH STRINGS HOLDING A
PORTION OF THE WORDS "THE GODFATHER".

SN 78-735,262, FILED 10-18-2005.

THEODORE MCBRIDE, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

Reg. No. 3,432,882

United States Patent and Trademark Office

Registered May 20, 2008

TRADEMARK
PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION (DE-
LAWARE CORPORATION)

5555 MELROSE AVENUE

HOLLYWOOD, CA 90038

FOR: ACTION FIGURES, IN CLASS 28 (U.S. CLS.
22, 23, 38 AND 50).

FIRST USE 11-16-2007; IN COMMERCE 11-16-2007.

OWNER OF U.S. REG. NOS. 1,674,068 AND
1,707,295.

THE MARK CONSISTS OF THE DEPICTION OF
PUPPET HANDS WITH STRINGS HOLDING POR-
TIONS OF THE WORDS "THE GODFATHER".

SN 78-735,265, FILED 10-18-2005.

THEODORE MCBRIDE, EXAMINING ATTORNEY

Int. Cl.: 6

Prior U.S. Cls.: 2, 12, 13, 14, 23, 25, and 50

Reg. No. 3,628,838

United States Patent and Trademark Office

Registered May 26, 2009

TRADEMARK
PRINCIPAL REGISTER



PARAMOUNT PICTURES CORPORATION (DE-
LAWARE CORPORATION)

5555 MELROSE AVENUE
HOLLYWOOD, CA 90038

FOR: BUSTS, SCULPTURES AND STATUES
MADE OF NON-PRECIOUS METAL, IN CLASS 6
(U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 2-1-2009; IN COMMERCE 2-1-2009.

OWNER OF U.S. REG. NOS. 1,674,068 AND
1,701,295.

THE MARK CONSISTS OF A DEPICTION OF
PUPPET HANDS WITH STRINGS HOLDING POR-
TIONS OF THE WORDS "THE GODFATHER".

SN 78-735,257, FILED 10-18-2005.

THEODORE MCBRIDE, EXAMINING ATTORNEY